UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
UNITED STATES OF AMERICA          )
                                  )
     v.                           )   Criminal No. 08-0299 (PLF)
                                  )
THOMAS FIELDS,                    )
                                  )
          Defendant.              )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's motion to reduce his sentence [Docket No. 91] pursuant to 18 U.S.C. § 3582(c)(2) from 144 months to a term of 121 months. The motion filed by the defendant, through the Federal Public Defender, indicates that counsel for Mr. Fields has consulted with the United States Attorney's Office, which has indicated that while it agrees that the defendant is eligible for a sentence reduction to a prison term of as short as 121 months, "the government does not favor granting the defendant any sentence reduction." Motion to Reduce Sentence at 2.

The defendant was convicted after trial of one count of unlawful distribution of 50 grams or more of crack cocaine (specifically, 115 grams) and one count of possession with intent to distribute 50 grams or more of crack cocaine (specifically, 71 grams), the total amount of crack cocaine thus being 186 grams. The Court determined at the time of sentencing that the total Offense Level under the United States Sentencing Guidelines then in effect was 36 and the Criminal History Category was III, which resulted in a Guideline sentencing range of 235 to 293 months. Rather than impose a sentence pursuant to the Guidelines sentencing range, however –

which then reflected a 100 to 1 disparity between crack and powder cocaine – this Court applied a 1 to 1 ratio for crack to powder cocaine as it had done in numerous other cases in light of United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007). See, e.g., United States v. Lewis, 623 F. Supp. 2d 42, 45-47 (D.D.C. 2009). The application of the 1 to 1 ratio resulted in a Guideline sentencing range of 51 to 63 months. In view of the amount of crack cocaine involved in each count, however, the defendant was then – and still is – subject to a mandatory minimum sentence of 120 months, or ten years, on each count. See Dorsey v. United States, 132 S. Ct. 2321, 2327-2330 (2012); United States v. Fields, 699 F.3d 518, 522 (D.C. Cir. 2012). The Court therefore was required to impose a sentence of at least ten years.

In view of Mr. Fields' perjured testimony at trial, however, the Court added 24 months to that 120-month sentence for obstruction of justice in the form of perjury, for a total sentence of 144 months. Characterizing the defendant's testimony as "incredible," "false" and "perjurious," the Court stated: "I think a message has to be sent that if you perjure yourself before a jury or before a judge under oath, testify under oath in a trial or a hearing, that is going to be separately punished." Sentencing Transcript of December 11, 2009 at 8, 11. The Court therefore imposed a sentence of 144 months' imprisonment, consisting of a 120-month mandatory minimum term for each of the two counts on which the defendant was convicted at trial, those sentences to run concurrently, with an additional 24 months for the defendant's obstructive conduct. The decision to impose such a sentence and the Court's reasoning in doing so were affirmed on appeal by the United States Court of Appeals. See United States v. Fields, 699 F.3d at 523.

While the defendant may be eligible for a sentence reduction to a prison term as short as 121 months under the revised United States Sentencing Guidelines, such a sentence would fail to take account of his perjury at trial, which constituted an obstruction of justice. The Court sees no more reason today to excuse the defendant's perjury than it did at the time of sentencing. Accordingly, it is hereby

ORDERED that the defendant's motion to reduce sentence [Docket No. 91] is DENIED.

SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 6, 2016